UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY,<br>Plaintiff<br><br>V.<br><br>BALLARD MACK SALES & SERVICE,<br>INC.,<br>Defendant | CIVIL ACTION NO. 0511082RCL |

## ANSWER

The defendant, Ballard Mack Sales & Service, Inc. ("Ballard Mack"), answers the Complaint of the plaintiff, Ford Motor Credit Company ("Ford"), as follows.

### THE PARTIES

1.  Ballard Mack is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.  Ballard Mack admits the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION

3.  Paragraph 3 of the Complaint contains a legal conclusion to which Ballard Mack is not obligated to respond.

### COUNT I

4.  Ballard Mack admits the allegations contained in Paragraph 4 of the Complaint.

5.  Ballard Mack states that Exhibit A speaks for itself.

{H:\PA\Lit\09999\00227\A0802123.DOC}

6. Ballard Mack admits the allegations contained in Paragraph 6. Further answering, Ford Credit did not advance credit on behalf of Ballard Mack for the financing of the two cement mixers at issue in this litigation.

7. Ballard Mack denies the allegations contained in Paragraph 7 of the Complaint.

8. Ballard Mack denies the allegations contained in Paragraph 8 of the Complaint.

9. Ballard Mack states that while Ford has claimed that a certain balance is due and payable, Ballard Mack denies that any amount is due and payable including, but not limited to an amount of $234,207.55.

10. Ballard Mack is without sufficient information to admit or deny whether Ford has realized $100,000 in net sale proceeds for the disposition of the vehicles at issue in this case. Ballard Mack denies that $100,000 is the fair market value for the vehicles. Ballard Mack denies that Ballard Mack owes Ford $134,207.55 or any other amount.

11. Ballard Mack denies the allegations contained in Paragraph 11 of the Complaint.

WHEREFORE, Ballard Mack demands that the case be dismissed and that it be awarded costs, including reasonable attorney's fees, incurred in defending this action.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Ford's claims are frivolous, wholly unsubstantiated and have not been advanced in good faith.

### THIRD AFFIRMATIVE DEFENSE

Ford's claims, if any, must be asserted against the party with whom it contracted.

### FOURTH AFFIRMATIVE DEFENSE

Ford's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Ford, through its own conduct, has waived any rights to relief it may have against Ballard Mack.

### SIXTH AFFIRMATIVE DEFENSE

Ford's claims are barred by the terms of the parties' agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Ballard Mack is barred from recovery or relief by the doctrines of equitable estoppel and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Ford, by its latches, is not entitled to relief.

### NINTH AFFIRMATIVE DEFENSE

Ford's claims are barred by the failure of consideration.

BALLARD MACK SALES AND
SERVICE, INC.

By its attorney,

_____
Patricia L. Davidson, Esq.
BBO #556647
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 14, 2005

### CERTIFICATE OF SERVICE

I, Patricia L. Davidson, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Michael E. Hager, Esq., Dane & Howe, LLP, 45 School Street, Boston, MA 02108-3204.

_____
Patricia L. Davidson, Esq.

Dated: June 14, 2005

{H:\PA\Lit\09999\00227\A0802123.DOC}

4