UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11082-RCL

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BALLARD MACK SALES & | ) |
| SERVICES, INC., | ) |
| Defendant | ) |
| | ) |

## JOINT STATEMENT SUBMITTED PURSUANT TO
## FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

The parties hereby submit this Joint Statement in accordance with Fed. R. Civ. P.

26(f) and Local Rule 16.1. The parties held the conference required by Rule 16(b) on

August 8, 2005.

**A.    Summary of Positions**

PLAINTIFF

Ford Motor Credit Company ("Ford Credit") provides floor plan financing

for various motor vehicle dealers and did so for Ballard Mack Sales & Services, Inc.

("Ballard Mack") under a written automotive wholesale plan and security agreement

dated May 18, 1999, a copy of which is attached to the complaint. Certain vehicles

manufactured and/or distributed by Bering Truck Corporation were placed in Ballard

Mack's floor plan inventory and financed by Ford Credit under this agreement. Upon

Ballard Mack's default in the payment of interest and/or other charges due Ford Credit

under this financing agreement, Ford Credit repossessed the vehicles in issue and disposed of them in a commercially reasonable manner by auction. After applying the auction proceeds of $100,000.00 to Ballard Mack's floor plan financing account with Ford Credit, an outstanding balance of $134,207.55 remains unpaid, which Ford Credit seeks in this action.

DEFENDANT

Ballard Mack sells trucks. Ballard Mack sold trucks distributed by Bering Truck Corporation prior to Bering's bankruptcy about four years ago. Ford Motor Credit Company provided financing for the trucks Ballard Mack held in inventory prior to sale.

Ballard Mack denies that it is responsible for the deficiency on the two cement mixers at issue. Ballard Mack never took ownership of the cement mixers and never attempted to sell the cement mixers. Ballard Mack merely agreed to permit Bering to keep the cement mixers on Ballard Mack's lot.

Up until its bankruptcy, Bering paid all finance charges on the cement mixers to the plaintiff. For all other trucks in Ballard Mack's inventory, Ballard Mack paid the finance charges. Ballard Mack understands that Bering is bankrupt, dissolved and judgment proof. Notwithstanding, liability for any deficiency lies squarely with Bering.

**B.**      **Proposed Agenda for Scheduling Conference**

The parties propose that the agenda for the initial scheduling conference include a discussion of the following issues:

1.      Proposed discovery plan;

2.      Proposed schedule for filing of motions; and

3.      Proposed trial date.

2

The parties propose that discovery should proceed according to the following schedule:

| Event | Date |
|---|---|
| Amendment of pleadings before | 10-1-05 |
| Parties complete all fact discovery before | 5-1-06 |
| Plaintiff serves its expert reports, if any, before | 6-1-06 |
| Defendant serves its expert reports, if any, before | 7-1-06 |
| Parties complete expert discovery before | 8-1-06 |
| Parties file dispositive motions, if any, before | 9-1-06 |
| Oppositions to dispositive motions before | 10-1-06 |
| Trial begins, if necessary, on or after | 12-1-06 |

### C.    L.R. 16.1( C) Settlement Proposal

The plaintiff submitted its settlement proposal to the defendant on August 3, 2005.

### D.    Certifications

The certifications required by Local Rule 16.1(D)(3) will be filed separately by each party prior to the August 15, 2005 Scheduling Conference.

### E.    Magistrate Judge

The parties, at this time, do not consent to a trial by a magistrate judge.

3

Respectfully submitted,

For The Plaintiff:

Michael E. Hager, Esquire
BBO #216460
11 Beacon Street, Suite 1200
Boston, MA  02108
(617) 723-7133

For The Defendant:

Patricia L. Davidson, Esquire
BBO #556647
Mirick, O'Connell, DeMallie &
Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
(508) 791-8500

DATED:  August 9, 2005

4